JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7422 PA (AJWx) | | Date | September 18, 2012 |
|---|---|---|---|---|
| Title | Tomokazu Nakamura, et al. v. Wells Fargo Bank, NA, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Wells Fargo Bank, N.A., and First American Trustee Servicing Solutions, LLC f/k/a First American Loanstar Trustee Services, LLC (erroneously sued as First American Loanstar Services, LLC) (collectively "Defendants") on August 29, 2012.  In their Notice of Removal, Defendants assert that this Court has jurisdiction over the action brought against it by plaintiffs Tomokazu Nakamura and Lynette Arceneaux (collectively "Plaintiffs") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7422 PA (AJWx) | Date | September 18, 2012 |
|---|---|---|---|
| Title | Tomokazu Nakamura, et al. v. Wells Fargo Bank, NA, et al. | | |

Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

      The Notice of Removal alleges that "Plaintiffs allege that they are residents of Ventura County in California. (See, Complaint ¶ 1, attached hereto as Exhibit A.)  Therefore, Plaintiffs are deemed citizens of the State of California for the purposes of diversity jurisdiction."  (Notice of Removal 3:8-11.)  As the Notice of Removal indicates, the Complaint, alleges only Plaintiffs' residence.  Because the only support for Defendant's allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiffs' citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

      Therefore, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Ventura County Superior Court, Case No. 56-2012-00420624-CU-OR-VTA.  See 28 U.S.C. § 1447(c).  Defendants' Motion to Dismiss (Docket No. 7) is denied as moot.  The hearing calendared for November 26, 2012, is vacated.

      IT IS SO ORDERED.